In re Petition for DISCIPLINARY ACTION AGAINST John M. ANDREW, an Attorney at Law of the State of Minnesota.

No. CX–87–2216.

Supreme Court of Minnesota.

Feb. 15, 1991.

William J. Wernz, Kenneth L. Jorgensen, St. Paul, for appellant.

Dan O'Connell, St. Paul, for respondent.

## PER CURIAM.

Respondent, John M. Andrew, was admitted to the practice of law in Minnesota in September, 1978. In December, 1987, this court publicly reprimanded respondent and placed him on unsupervised probation for income tax violations. *See In re Andrew,* 417 N.W.2d 267 (Minn.1987). In June, 1988, the Director of the Office of Lawyers Professional Responsibility petitioned this court to revoke respondent's probation and to impose further discipline. Respondent agreed to a temporary suspension from practice beginning in July, 1988. *In re Andrew,* 425 N.W.2d 243 (Minn.1988). Subsequently, the Director filed a supplementary petition alleging further professional misconduct. The referee found the Director's allegations to be supported by clear and convincing evidence and recommended respondent be disbarred. Respondent contends that the referee's findings are not supported by clear and convincing evidence, that the referee failed to properly consider evidence of his psychological disa-

bilities, and that disbarment is not appropriate. We disagree.

I

■■■ Allegations of professional misconduct must be proved by " 'full, clear and convincing evidence'." *In re Ruhland,* 442 N.W.2d 783, 785 (Minn.1989)(quoting *In re Gillard,* 271 N.W.2d 785, 805 n. 3 (Minn. 1978)). On review a "referee's findings of fact will not be set aside unless clearly erroneous." *Id.* (citing *In re Pyles,* 421 N.W.2d 321, 325 (Minn.1988)). A referee's findings as to disputed facts are given great deference, particularly "when the dispute is presented by conflicting testimony." *Id.* at 786 (citing *In re Daffer,* 344 N.W.2d 382, 386 (Minn.1984)).

■■■ The referee found that respondent misappropriated a total of $177,864.22 from two clients who entrusted him with overseeing financial matters. The referee also found that respondent obtained a certificate of deposit from a third client, pledged the certificate as collateral for a personal loan, and subsequently defaulted on the loan, thereby losing the pledged certificate. Although respondent reimbursed the client the face value of the certificate, interest on the certificate remains unpaid. In addition, the referee determined that respondent did not maintain proper trust account records despite certifying to this court that he did so, that he failed to disburse funds from a settlement as ordered, that he commingled client and personal funds in his trust account, and that he did not file his 1987 state and federal income tax returns on time. Having independently reviewed the hearing record, we conclude that the referee's findings with respect to respondent's misconduct are supported by clear and convincing evidence and that respondent's claim is therefore without merit.

II

Respondent claims to suffer psychological disabilities that materially affected his ability to practice law and mitigate the severity of his professional misconduct. We disagree.

In order to demonstrate that a psychological disability should be considered in assessing the severity of alleged misconduct, an individual must present clear and convincing evidence that s/he has a severe psychological disability causally linked to the alleged misconduct, that s/he is undergoing treatment for that disability and is recovering, that recovery has arrested the alleged misconduct, and that the alleged misconduct is not likely to recur. *See In re Porter*, 449 N.W.2d 713, 717 (Minn.1990). The referee observed the demeanor, and could therefore assess the credibility, of the expert witness respondent called to testify regarding his claimed disability. After hearing the expert's testimony, the referee found that respondent had not offered clear and convincing evidence of a psychological disability that caused him to steal money from his clients. Nothing in the record persuades us that the referee was incorrect in so finding and we therefore affirm the conclusion that respondent's misconduct is not mitigated by the claimed psychological disabilities.

## III

This court places great weight on the referee's recommendation when determining the appropriate sanction to impose in cases of professional misconduct. *In re Larsen*, 459 N.W.2d 115, 120 (Minn.1990). When considering disbarment, this court also takes account of extensive misappropriation of client funds. *See In re Austin*, 333 N.W.2d 633, 634–35 (Minn.1983). In addition to other misconduct, respondent stole over $170,000 from several of his clients. We agree with the referee that the public must be protected from future misconduct perpetrated by respondent. We therefore order his disbarment.

GARDEBRING, J., took no part in the consideration or decision of this case.